GAST FURRIERS SUPPLIES, INC., Respondent, v. LOUIS WINTER and Others, Appellants.

First Department, April 3, 1936.

*Max Horowitz* of counsel [*Martin Jay Winter*, attorney], for the appellant Louis Winter.

*Solon B. Lilienstern*, for the appellants Mayfair Silks Corporation and Winter, Fassberg & Roth, Inc.

*Isador Goetz* of counsel [*Goetz & Midler*, attorneys], for the respondent.

GLENNON, J. The action is for an injunction and an accounting. The defendants have appealed from the interlocutory judgment entered after a trial at Special Term.

Plaintiff corporation was organized by Samuel Gast and the defendant Louis Winter in January, 1933. In 1911 Gast and Winter became copartners in the furriers' supply business. They continued as such until the corporation was organized, when all of the assets of the copartnership were turned over to Winter & Gast, Inc., which assumed outstanding liabilities. Winter became president and Gast treasurer. Each received 150 shares of plaintiff's capital stock as consideration for the transfer to the corporation of all the assets of the partnership.

In January, 1935, difficulties arose between Winter and Gast with the result that the defendant Winter sold his 150 shares of the capital stock to Gast for the sum of $21,195.68. At that time a written agreement was entered into which provided in part that on or before February 1, 1935, the plaintiff was to eliminate from its corporate name that of Winter. It was further provided that Winter was to receive from the corporation a list of the customers. Nothing was said, however, in the agreement as to the use Winter was to make of the list. The testimony adduced upon the trial would seem to indicate that Gast was lulled into the belief by Winter that he did not intend to enter into the same line of business in competition with plaintiff in the future. However, Winter, in association with David H. Fassberg and Julius Roth, organized the defendant Mayfair Silks Corporation, and later, the codefendant, Winter, Fassberg & Roth, Inc. It is admitted in the pleadings, and the court at Special Term has found, that the latter corporation is purely an agent and dummy for the former. Winter, Fassberg & Roth, Inc., deals in furriers' supplies.

Shortly after the defendant corporations were organized, they and the individual defendant sent out notices, circulars, cards and announcements to the fur trade wherein and whereby they notified the trade, including the customers of the plaintiff, that they were engaged in the furriers' supply business.

We are inclined to the view, based upon the evidence and the findings of fact in this case, that the court at Special Term properly granted an injunction and accounting. (*Von Bremen* v. *Mac-Monnies*, 200 N. Y. 41.) However, we are of the opinion that the judgment as entered is too broad. It should be modified by directing the referee on the accounting to limit the profits, if any, to sales which actually were solicited of the customers and trade of Winter & Gast. It may be, for aught we know, that some of the customers of the former partnership have purchased merchandise without any solicitation on the part of the defendants.

The judgment should be modified accordingly, and as so modified affirmed, with costs to the appellants.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Judgment unanimously modified in accordance with opinion, and as so modified affirmed, with costs to the appellants. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.